IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

```
MARY SHOMBER,                        )
                                     )
             Plaintiff,              )
                                     )   CIVIL ACTION
v.                                   )
                                     )   No. 09-2313-CM-GBC
                                     )
MICHAEL J. ASTRUE,                   )
Commissioner of Social Security,     )
                                     )
             Defendant.              )
_____ )
```

**REPORT AND RECOMMENDATION**

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423(hereinafter the Act). Finding error in the ALJ's consideration of plaintiff's mental impairments, the court recommends the decision be REVERSED and judgment be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g), REMANDING the case for further proceedings.

**I.   Background**

Plaintiff applied for DIB on May 18, 2006 alleging disability beginning April 1, 2006. (R. 10, 82-86). The application was denied initially and upon reconsideration, and plaintiff requested a hearing before an administrative law judge (ALJ). (R. 10, 35, 36, 53). Plaintiff's request was granted,

and plaintiff appeared with counsel for a hearing before ALJ Christine A. Cooke on November 26, 2008. (R. 10) At the hearing, testimony was taken from plaintiff and from a vocational expert. (R. 10, 17-34).

On December 24, 2008 the ALJ issued a decision finding that although plaintiff is unable to perform her past relevant work, there are a significant number of jobs in the economy of which a person of plaintiff's age, education, work experience, and residual functional capacity (RFC) is capable. (R. 10-16). She concluded plaintiff is not disabled within the meaning of the Act and regulations, and denied plaintiff's applications. (R. 15-16). Plaintiff disagreed and sought, but was denied, Appeals Council review. (R. 1-6). Therefore, the ALJ's decision is the Commissioner's final decision. Id. at 1; Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006).

**II. Legal Standard**

The court's review is guided by the Act. 42 U.S.C. §§ 405(g), 1383(c)(3). Section 405(g) provides, "The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial

evidence is more than a scintilla, but less than a preponderance, and it is such evidence as a reasonable mind might accept to support a conclusion. Zoltanski v. F.A.A., 372 F.3d 1195, 1200 (10th Cir. 2004); Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." White, 287 F.3d at 905 (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). The determination of whether substantial evidence supports the Commissioner's decision, however, is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d). The claimant's impairments must be of such severity that she is not only unable to perform her past relevant work, but cannot, considering her age, education, and work experience, engage in any other substantial gainful work existing in the national economy. Id.

The Commissioner uses a five-step sequential process to evaluate whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (2008); Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004); Ray, 865 F.2d at 224. "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has severe impairments, and whether the severity of her impairments meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Id. at 750-51. If plaintiff's impairments do not meet or equal the severity of a listing, the Commissioner assesses claimant's RFC. 20 C.F.R. §§ 416.920. This assessment is used at both step four and step five of the sequential process. Id.

After assessing claimant's RFC, the Commissioner evaluates steps four and five--whether the claimant can perform her past relevant work, and whether, when considering vocational factors (the claimant's age, education, and past work experience), she is able to perform other work in the economy. Williams, 844 F.2d at 751. In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant

work.  Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show jobs in the national economy within plaintiff's capacity.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff, who is represented by counsel, provided a very short brief, devoid of significant explanation of the basis or rationale for her allegations.  (Pl. Br. 5-7).  Nonetheless, the court discerns two claims.  (1) The ALJ ignored GAF[1] scores of 47 assigned by a treating psychiatrist, Dr. Owens,[2] and of 55-60 assigned by a treating therapist, John Wubbenhorst, and as a

---

[1]Global Assessment of Functioning.  A GAF score is a subjective determination which represents "the clinician's judgment of the individual's overall level of functioning."  Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders (DSM-IV) 30 (4th ed. 1994).  The GAF Scale ranges from 100 (superior functioning) to 1 (persistent danger of severely hurting self or others, persistent inability to maintain minimal personal hygiene, or serious suicidal act with clear expectation of death).  Id. at 32.  GAF is a classification system providing objective evidence of a degree of mental impairment.  Birnell v. Apfel, 45 F. Supp. 2d 826, 835-36 (D. Kan. 1999) (citing Schmidt v. Callahan, 995 F. Supp. 869, 886, n.13 (N.D. Ill. 1998)).

GAF scores in the range of 51-60 indicate "**Moderate symptoms . . . OR any moderate difficulty in social, occupational, or school functioning.**"  DSM-IV, at 32(emphasis in original).

GAF scores in the range of 41-50 indicate "**Serious symptoms . . . OR any serious impairment in social, occupational, or school functioning**."  Id.(emphasis in original).

[2]Plaintiff's brief refers to this physician as "Dr. Owen," but the treatment notes use "Dr. Owens."  (R. 338).  The court uses. "Dr. Owens."

consequence erroneously concluded at step two of the sequential evaluation process that plaintiff's mental impairments are not "severe" within the meaning of the Act and regulations (Pl. Br. 5-6)(citing (R. 348, 366-67)); and (2) the ALJ selectively abstracted Dr. Owens's mental status examination which was supportive of the ALJ's decision, and ignored Mr. Wubbenhorst's treatment notes which are evidence supportive of plaintiff's allegations. (Pl. Br. 7)(citing Robinson v. Barnhart, 366 F.3d 1078, 1083 (10th Cir. 2004)("ALJ is not entitled to pick and choose from a medical opinion using only those parts that are favorable to a finding of nondisability")).

The Commissioner argues that the ALJ's determination that plaintiff does not have a severe mental impairment is supported by substantial evidence. (Comm'r Br. 9). He notes that the ALJ stated the evidence showed treatment for depression and anxiety which are situational in nature, and he points to record evidence which in his view supports the ALJ's determinations. Id. 9-11. He argues that the ALJ found a severe impairment at step two of the evaluation process, and the failure to find an additional severe mental impairment is not error. Id. at 11. He concludes by arguing that plaintiff's counsel did not inform the ALJ he was seeking a finding of disability based on mental impairments. Id. at 12. With regard to the opinions of Dr. Owens and Mr. Wubbenhorst, the Commissioner argues that the ALJ properly

-6-

evaluated the opinions.  Id. at 12-13.  He notes that the Social Security Administration has declined to endorse GAF scores for use in the disability programs, and that there is no authority to determine the severity of mental impairments based solely on GAF scores.  Id. at 13.  Finally, he notes that the ALJ included mental limitations in the hypothetical presented to the vocational expert, and upon which the ALJ determined plaintiff is able to perform other work in the economy.  He argues that the hypothetical question was proper, and the response constitutes substantial evidence that plaintiff is not disabled.  Id. at 14.  In a reply brief, plaintiff points to her "Statement of the Case" faxed to the ALJ the day before the hearing, in which she argued that her primary impairments include "depression, anxiety and memory problems."  (Reply 3)(quoting (R. 171), citing (R. 171-81), and noting discussion of mental impairments in the "Statement of the Case" (R. 178-81)).  While the court might get into the niceties of the record evidence or of the legal standard for evaluating disability, as suggested in the parties' briefs, it finds that remand is necessary because the ALJ did not properly apply the Commissioner's psychiatric review technique or evaluate the severity of plaintiff's alleged mental impairments.

**III. Evaluation of Mental Impairments**

The ALJ's entire step two analysis consists of a single sentence in finding 3:  "Claimant has the following severe

impairment: Degenerative disc disease." (R. 12). In assessing plaintiff's RFC between step three and step four of the evaluation process, the ALJ discussed plaintiff's mental impairments:

> There is also treatment for depression and anxiety, but this is situational in nature and aggravated by financial difficulty, conflict with neighbors, and problems with family (Exhibits 11F, 15F). Mental status examinations have observed claimant to be cooperative, with normal motor activity, good eye contact, and normal speech with no indication of homicidal or suicidal ideation or delusions or hallucinations (Exhibit 13F).

(R. 14). The ALJ included no mental limitations in her RFC finding. (R. 13)(finding no. 5).

From the decision, one can properly infer that the ALJ found plaintiff has medically determinable mental impairments of depression and anxiety, and that the ALJ did not find them "severe" within the meaning of the Act. However, one cannot know the degree of lesser severity of which the ALJ found plaintiff's mental impairments worthy. One might infer that the use of the term "situational" to describe the mental impairments implies that they have no effect on plaintiff's work abilities. But, the court is aware of no technical, medical, or psychiatric meaning for the term which equates to a degree of severity of mental impairments. The Commissioner cites to no specific meaning, and plaintiff asserts that it is a meaningless term "made up" by the ALJ to characterize plaintiff's mental impairments as non-severe.

Moreover, the Commissioner has promulgated a "special" psychiatric review technique for use at steps two and three of the sequential evaluation process to evaluate the severity of a claimant's mental impairments. 20 C.F.R. §§ 404.1520a, 416.920a. In evaluating the severity of mental impairments at steps two and three, the technique provides for rating the degree of functional limitation in each of four broad mental functional areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. Id. §§ 404.1520a(c) 416.920a(c). After rating the degree of limitation in each functional area, the Commissioner determines the severity of plaintiff's mental impairments. Id. §§ 404.1520a(d), 416.920a(d). The regulations provide that:

> the written decision must incorporate the pertinent findings and conclusions based upon the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas.

20 C.F.R. §§ 404.1520a(e)(2), 416.920a(e)(2).

Nowhere in the administrative record or in the decision at issue here is there any indication the ALJ applied the psychiatric review technique. The decision does not incorporate pertinent findings and conclusions based upon the technique. It does not show the functional limitations that were considered in

reaching the ALJ's conclusion regarding severity (it doesn't even specifically state a conclusion regarding severity) and it does not include a specific finding as to the degree of limitation in each of the functional areas.  These errors establish that the ALJ did not apply the correct legal standard at step two of the evaluation process and require remand for proper consideration.  Once the proper legal standard has been applied, it will be possible for a reviewing court to determine whether the Commissioner properly considered the medical evidence provided by plaintiff's psychiatrist and plaintiff's therapist (including the GAF scores assigned), and whether the ALJ selectively abstracted portions of the evidence which were supportive of the ALJ's decision, and ignored evidence which is supportive of plaintiff's allegations.  Jones v. Astrue, 500 F. Supp. 2d 1277, 1285 (D. Kan. 2007); Owen v. Chater, 913 F. Supp. 1413, 1420 (D. Kan. 1995).

As the Commissioner argues, the ALJ included mental limitations among other limitations in the hypothetical scenario presented to the vocational expert:  "This person should never be expected to understand, remember or carry out detailed instructions."  (R. 31).  With the exception of these mental limitations, the hypothetical scenario included limitations identical to the RFC the ALJ assessed for plaintiff.  Compare (R. 15), with (R. 30-31).  The vocational expert later responded that

an individual with these limitations would be able to perform jobs as a hospital products assembler, a hardware assembler, and an electrical sub assembler. (R. 31-32). These are the jobs the ALJ found representative of work plaintiff can perform. (R. 15).

The Commissioner's brief implies that the inclusion of mental limitations in the hypothetical question, the vocational expert's response to the question, and the ALJ's determination that plaintiff is able to perform the representative jobs suggested by the vocational expert, all combine to render any earlier error in evaluating the severity of mental impairments at step two harmless. Reliance upon such an argument would be nothing more than speculation. Judicial review of the Commissioner's decision must be based only upon rationale stated in the decision. Robinson, 366 F.3d at 1084. The ALJ did not state findings regarding the psychiatric review technique. She did not include any mental limitations in her RFC assessment, and she did not explain why the mental limitations suggested in her hypothetical scenario are supported by record evidence or why others limitations are not supported. The court may not speculate, or supply the rationale which is missing from the decision. A decision cannot be affirmed on the basis of appellate counsel's post hoc rationalizations for agency action. Knipe v. Heckler, 755 F.2d 141, 149 n.16 (10th Cir. 1985). And the reviewing court may not create post-hoc rationalizations to

explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision. Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005). By considering legal or evidentiary matters not considered by the ALJ, a court risks violating the general rule against post hoc justification of administrative action. Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004).

Where, as here, an ALJ has found that plaintiff has at least one severe impairment, an error in failing to designate another impairment "severe" is usually harmless, so long as the ALJ, in determining plaintiff's RFC, considers the effects "of all of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'" Hill v. Astrue, No. 07-4226, 289 Fed. Appx. 289, 291-292, 2008 WL 3339174, *2 (10th Cir. Aug. 12, 2008); see also, Oldham v. Astrue, 509 F.3d 1254, 1256-57 (10th Cir. 2007) ("We can easily dispose of . . . arguments[] which relate to the severity of [claimant's] impairments. The ALJ . . . made an explicit finding that [claimant] suffered from severe impairments. That was all the ALJ was required to do in that regard."). In this case, however, it is unclear whether the ALJ actually considered the effects of plaintiff's mental impairments in her RFC assessment. She did not even mention Mr. Wubbenhorst's treatment notes. See, Grotendorst v. Astrue, No. 09-2132, slip op. at 9-11 (10th Cir. Mar. 22, 2010)(refusing to

-12-

find harmless error where, without applying the psychiatric review technique the ALJ found mental impairments not severe, and gave those impairments no further consideration).

Moreover, beyond the failure to apply the psychiatric review technique at step two of the evaluation process, it is not clear the ALJ properly considered plaintiff's mental work-related functions in her RFC assessment. "The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment [than the psychiatric review technique] by itemizing various functions contained in the broad categories found in" the four functional areas. Soc. Sec. Ruling (SSR) 96-8p, West's Soc. Sec. Reporting Serv., Rulings 147 (Supp. 2009). RFC must be expressed in terms of specific work-related functions. Id. at 148. "Work-related mental activities generally required by competitive, remunerative work include the abilities to: understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting." Id. at 149. Therefore, an ALJ should make a function-by-function assessment of each of the work-related mental activities relevant to the case at hand. In the record here, there is no indication the ALJ considered any of the basic work-related mental activities generally required by competitive, remunerative work except for

the ability to understand, carry out, and remember instructions, as included in the hypothetical scenario.

Remand is necessary for the Commissioner to properly evaluate plaintiff's mental impairments in accordance with the law, the regulations, and the Social Security Rulings.

**IT IS THEREFORE RECOMMENDED** that the Commissioner's decision be REVERSED, and that judgment be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this decision.

Copies of this recommendation and report shall be delivered to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this recommendation within fourteen days after being served with a copy.  Failure to timely file objections with the court will be deemed a waiver of appellate review.  Morales-Fernandez v. INS, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated this 24th day of March 2010, at Wichita, Kansas.

s:/   Gerald B. Cohn
**GERALD B. COHN**
**United States Magistrate Judge**